E-FILED
Monday, 19 August, 2024  10:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KAYLE NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-04088-SLD-JEH |
| | ) | |
| STEPHEN WULF, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Kayle Newton asserts that a dog owned and kept by *pro se* Defendant Stephen Wulf attacked her without provocation and caused her significant injuries. *See generally* Compl., ECF No. 1. Pending before the Court are Newton's Request for Entry of Default Judgment, ECF No. 18, and Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 21. For the reasons that follow, Judge Hawley's R&R is ADOPTED, and Newton's motion for default judgment is GRANTED.

BACKGROUND[1]

On June 8, 2020, Wulf owned and kept a dog. That day, Newton, a resident and citizen of Illinois, was an invitee at Wulf's residence in Davenport, Iowa. Wulf allowed the dog to become loose, and the dog attacked Newton, knocking her to the ground.[2] Newton suffered physical injuries, including a fractured left ankle which required surgery. She asserts that Wulf's violation of Iowa Code § 351.28 proximately caused her injuries. Section 351.28 states that

---

[1] Because "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true," *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (alteration in original) (quotation marks omitted), the following facts are drawn from Newton's complaint unless otherwise noted.

[2] Whether Wulf's dog bit Newton is unclear. *Compare* Compl. ¶ 4 (alleging that the dog bit Newton), *with* Apr. 3, 2024 Hr'g Tr. 6:2–7:8, ECF No. 20 (testifying about the incident without mentioning any bite), *and* R&R 5 ("In the case at hand, Plaintiff was not bitten by Defendant's dog . . . ."). Whether she was bit is not relevant to resolution of her pending motion.

"[t]he owner of a dog shall be liable to an injured party for all damages done by the dog, when . . . the dog is attacking or attempting to bite a person," with inapplicable exceptions for "when the party damaged is doing an unlawful act, directly contributing to the injury," or the dog is "affected with hydrophobia."  Iowa Code § 351.28.

Newton filed her complaint on May 24, 2022, asserting only a violation of section 351.28.  Wulf was served on September 24, 2022, *see* Special Process Server Aff., ECF No. 8, and he filed an answer on October 4, 2022, flatly denying Newton's allegations, Answer, ECF No. 9.  He asserted that in Iowa "animal control is called and the dog is put in [q]uarantine[]" whenever a person is hospitalized due to a dog bite and stated that "[a]nimal control never came to [his] house." *Id.*  He denied being present at his residence on June 8, 2020, noting that Newton was his son's girlfriend and invitee that day. *Id.*  He attached a letter from Newton's attorney, dated October 14, 2020, which asserted that Newton had been in a motor vehicle accident that day and requested his insurance information. *Id.* at 2.  However, this was his only and final activity in this case—Wulf failed to respond to Newton's motion to compel him to respond to discovery requests and failed to attend a hearing on that motion.[3] *See* Aug. 14, 2023 Min. Entry (Hawley, M.J.).

Wulf did not respond to the Court's order to show cause regarding his failure to appear. Sept. 19, 2023 Text Order (Hawley, M.J.).  The Court directed the entry of default against Wulf.

---

[3] It is unclear why this Court is a proper venue for a dog attack which occurred in Iowa and was inflicted by a dog owned and kept by an Iowa resident and citizen. *See* Compl. ¶¶ 1–4; 28 U.S.C. § 1391(b) (specifying the proper venue for most civil cases).  Whether the Court has personal jurisdiction over Wulf due to this incident is similarly unclear. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (discussing the "minimum contacts" standard for exercising specific personal jurisdiction over a defendant).  However, objections based upon personal jurisdiction and improper venue are waivable. *See, e.g.*, *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 641–42 (N.D. Ill. 2017) (personal jurisdiction); *About U.S. Real Est., Inc. v. Burnley*, No. 14 C 04471, 2015 WL 3397025, at *3 (N.D. Ill. May 26, 2015) (venue).  The Court finds that Wulf's filing of an answer which did not assert these defenses and subsequent failures to further participate in this case constitute a waiver of these defenses. *See* Fed. R. Civ. P. 12(h) (specifying that defenses based upon lack of personal jurisdiction or improper venue are waived if not raised in a responsive pleading or motion under Rule 12).

*Id.*; Sept. 19, 2023 Entry of Default.  After being spurred by the Court, *see* Nov. 29, 2023 Text

Order, Newton filed motion for default judgment on December 27, 2023, *see generally* Mot.

Default J.  The Court found that her claimed damages were not capable of ascertainment from

definite figures and granted her request for an evidentiary hearing on her damages, referring the

hearing to Judge Hawley.  Jan. 24, 2024 Text Order.  That hearing was held on April 4, 2024, *see*

Apr. 4, 2024 Min. Entry (Hawley, M.J.), and Judge Hawley issued his R&R on June 18, 2024,

*see* R&R 1.  Judge Hawley recommended that she be awarded $81,921.43 in medical damages,

$12,480 in lost wages, and $80,000 in pain, suffering, and hedonic damages, for a total award of

$174,401.43.  *Id.* at 6.  Newton indicated her assent to the R&R, *see* Acceptance Court's R&R,

ECF No. 22, and Wulf did not object to it.

## DISCUSSION

### I.   Legal Standards

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken

as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th

Cir. 1983).  Yet the entry of default judgment is not automatic, as "[p]laintiffs seeking default

judgment must demonstrate that they are entitled to judgment as a matter of law."  *Ford Motor

Credit Co. LLC v. Fincannon Ford, Inc.*, No. 1:19-CV-502-HAB, 2020 WL 6336209, at *1

(N.D. Ind. Oct. 29, 2020) (citing *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir.

1995)).  "[A]llegations in the complaint with respect to the amount of the damages are not

deemed true.  The district court must . . . conduct an inquiry in order to ascertain the amount of

damages with reasonable certainty."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602

(7th Cir. 2007) (quotation marks omitted).  Plaintiffs seeking a default judgment have a relaxed

burden of proof and broad latitude in quantifying damages.  *Domanus v. Lewicki*, 742 F.3d 290,

303 (7th Cir. 2014). "Within the context of a default judgment, proximate cause . . . requires only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Wehrs v. Wells*, 688 F.3d 886, 893 (7th Cir. 2012) (quotation marks omitted).

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.    Analysis

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is an action between citizens of different states and the amount in controversy exceeds $75,000. When applying section 351.28, the Court's task is to assume the perspective of the Iowa Supreme Court and "attempt to ascertain the governing substantive law on the point in question." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002).

### A.    Entitlement to Judgment

Section 351.28 is a strict liability tort. *See Fouts ex rel. Jensen v. Mason*, 592 N.W.2d 33, 36 (Iowa 1999), *as amended on denial of reh'g* (May 17, 1999). If a plaintiff shows that she was injured because a dog attacked or attempted to bite her, the dog's owner is liable to that plaintiff for all damages done by that dog. *See* Iowa Code § 351.28; *Hagen v. Texaco Ref. & Mktg., Inc.*, 526 N.W.2d 531, 537 (Iowa 1995) (noting that section 351.28 "implicitly requires a

causal connection between the animal's actions and the damages sought by the plaintiff"). Ownership can be established by showing that "(1) the dog was in the defendant's possession, and (2) the defendant was harboring the dog on the defendant's premises as owners usually do with their dogs." *Fouts*, 592 N.W.2d at 37.  The usual suite of tort damages—such as pain, suffering, and loss of consortium—are available under section 351.28.  *Burt v. Miller*, 847 N.W.2d 237, *1, 3 (Iowa Ct. App. 2014) (unpublished table decision).

Here, Wulf's default means that Newton's allegations are established facts.  *See Dundee Cement Co.*, 722 F.2d at 1323.  The dog was in Wulf's possession and was being kept at this residence, Compl. ¶¶ 2–4, such that he was the owner of the dog under the statute, *see Fouts*, 592 N.W.2d at 37.  The dog attacked her while she was at Wulf's residence, and she suffered injuries which were caused by that attack.  Compl. ¶¶ 4, 7.  Her damages are recoverable under section 351.28.  *See Miller*, 847 N.W.2d 237, at *1, 3; Compl. ¶ 7.  Under this strict liability tort, no other showings are required, and her complaint's factual allegations are sufficient to demonstrate her entitlement to a default judgment.  *See Fincannon Ford, Inc.*, 2020 WL 6336209, at *1.

## B. R&R on Damages

No parties objected to Judge Hawley's R&R, and the Court discerns no clear error in its findings or reasoning.  *See Johnson*, 170 F.3d at 739.  Based upon Newton's documentary evidence, Judge Hawley concluded that Newton's $81,921.43 in medical expenses—including costs for surgery, hospital admissions, diagnostic tests, and physical therapy—clearly stemmed from Wulf's dog's attack.  R&R 2, 4.  He found that only six months of lost wages—totaling $12,480—naturally flowed from the attack.  *Id.* at 4.  After surveying damage awards in dog-related cases, he concluded that an award for pain, suffering, and hedonic damages "near the higher end of the spectrum" was appropriate considering Newton's substantial complications

5

stemming from her injuries, the loss of her job and car, and her overall feelings of shame and embarrassment. *Id.* at 4–6; *see also id.* at 3 ("As a woman in her twenties, she feels the 'best years of [her] life' have been negatively affected by the incident." (quoting Apr. 3, 2024 Hr'g Tr. 16:12, ECF No. 20)). The Court finds it appropriate to adopt Judge Hawley's R&R in its entirety, and therefore finds that Newton is entitled to $174,401.43 in compensatory damages.

## CONCLUSION

Accordingly, Magistrate Judge Jonathan E. Hawley's Report and Recommendation, ECF No. 21, is ADOPTED, and Plaintiff Kayle Newton's Request for Entry of Default Judgment, ECF No. 18, is GRANTED. Newton is awarded $174,401.43 in compensatory damages. The Clerk is directed to enter judgment and close the case.

Entered this 19th day of August, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE